1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JULIAN MONDRAGON-HERNANDEZ,<br><br>                              Petitioner,<br><br>        vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>                              Respondent. | CASE NO. 10-CR-3173-H-1<br>                16-CV-1537-H<br><br>**ORDER:**<br><br>**(1) DENYING § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT THE SENTENCE; AND**<br><br>**[Doc. Nos. 240, 246 in 10-cr-3173.]**<br><br>**(2) GRANTING CERTIFICATE OF APPEALABILITY** |

11
12
13
14
15
16
17
18
19
20

21    On October 7, 2016, Petitioner/Defendant Julian Mondragon-Hernandez,

22  represented by Federal Defenders, filed in the United States District Court for the

23  Southern District of California a motion pursuant to 28 U.S.C. § 2255 to vacate, set

24  aside, or correct the sentence by a person in federal custody. (Doc. Nos. 240, 246.) On

25  December 19, 2016, the Government filed a response in opposition to Defendant's

26  motion. (Doc. No. 257.) On January 12, 2017, Defendant filed a reply in support of

27  his motion. (Doc. No. 259.) On March 22, 2017, the Court took the matter under

28  submission. (Doc. No. 263.) For the reasons discussed below, the Court denies

Defendant's § 2255 motion.

## **Background**

On August 5, 2010, the Government filed an indictment charging Defendant, among others, with a single count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  (Doc. No. 1.)  On April 13, 2011, the Government filed a six-count superceding indictment charging Defendant in count 1 with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and criminal forfeiture, in violation of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c); in count 2 with conspiracy to affect commerce by robbery and extortion, in violation of 18 U.S.C. § 1951(a); in count 3 with possession of a firearm in furtherance of a crime of violence and a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(i) and aiding and abetting in violation of 18 U.S.C. § 2; and in count 4 with illegal alien in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2).  (Doc. No. 51.)

Defendant proceeded to a jury trial.  On November 17, 2011, the jury returned a verdict finding Defendant guilty of all four counts charged against him in the superceding indictment.  (Doc. Nos. 97, 103.)

Prior to sentencing, U.S. Probation prepared a Presentence Report.  (Doc. No. 116.)  The PSR calculated Defendant's total combined offense level as 36 with a criminal history category of II for counts 1, 2, and 4, resulting in an advisory guidelines range of 210-262 months for those counts.  (Id. at 11-12, 14.)  The PSR also reported that Defendant's conviction for violation of § 924(c) subjected him to a mandatory 60-month sentence to be served consecutive to the other counts.  (Id. at 12, 14.)  On May 28, 2012, the Government filed a sentencing summary chart recommending a sentence of 210 months in custody for counts 1, 2 and 4 and the mandatory 60 months in custody for count 3, resulting in a total custodial sentence of 270 months.  (Doc. No. 156.)  On June 10, 2012, Defendant filed a sentencing summary chart recommending a sentence of 120 months.  (Doc. No. 161.)

10cr3173; 16cv1537

1    The Court held a sentencing hearing on June 14, 2012.  (Doc. Nos. 163, 185.)
2    At sentencing, the Court calculated Defendant's total combined adjusted offense level
3    for counts 1, 2, and 4 as level 34 and his criminal history category as II, resulting in an
4    advisory guidelines range of 168-210 months.  (Doc. No. 185 at 24.)  After considering
5    the § 3553(a) factors, the Court sentenced Defendant to 168 months in custody for
6    counts 1 and 2 and 120 months in custody for count 4 with counts 1, 2 and 4 to run
7    concurrently and to the mandatory 60 months in custody for count 3 to run consecutive
8    to the other counts, resulting in a total custodial sentence of 228 months.  (Id. at 25, 31.)
9    The Court entered judgment on June 18, 2012.  (Doc. No. 168.)

10    On June 20, 2012, Defendant appealed his conviction and sentence.  (Doc. No.
11    169.)  On November 27, 2013, the Ninth Circuit affirmed Defendant's conviction and
12    sentence.  (Doc. No. 208.)

13    On January 20, 2015, Defendant filed a motion pursuant to 28 U.S.C. § 2255 to
14    vacate his federal prison sentence, alleging claims of ineffective assistance of counsel.
15    (Doc. No. 218.)  On April 22, 2015, the Court denied Defendant's § 2255 motion and
16    denied Defendant a certificate of appealability.  (Doc. No. 230.)  Defendant sought a
17    certificate of appealability from the Ninth Circuit, (Doc. No. 231), and on February 26,
18    2016, the Ninth Circuit denied Defendant's request for a certificate of appealability.
19    (Doc. No. 233.)

20    By the present motion, Defendant again moves pursuant to 28 U.S.C. § 2255 to
21    vacate  his federal prison sentence.[1]  (Doc. No. 240.)  In the motion, Defendant argues
22    that his 60-month sentence for possession of a firearm in furtherance of a crime of
23    violence in violation of 18 U.S.C. § 924(c)(1) should be vacated because under the
24    Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015),
25    conspiracy to commit Hobbs Act robbery under 18 U.S.C. § 1951(a) no longer qualifies
26    as a "crime of violence" under § 924(c)(3).  (Id. at 1-2, 4-15.)

27

28    [1] On October 4, 2016, the Ninth Circuit granted Defendant's application for authorization to file a second of successive 28 U.S.C. § 2255 motion.  (Doc. No. 246-1.)

**Discussion**

**I.     Legal Standards for § 2255 Motion**

A sentencing court may "vacate, set aside or correct the sentence" of a federal prisoner if it concludes that "the sentence was imposed in violation of the Constitution or laws of the United States."  28 U.S.C. § 2255(a).  Claims for relief under § 2255 must be based on a constitutional or jurisdictional error, "'a fundamental defect which inherently results in a complete miscarriage of justice,'" or a proceeding "'inconsistent with the rudimentary demands of fair procedure.'"  United States v. Timmreck, 441 U.S. 780, 783-84 (1979) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)).  A district court may deny a § 2255 motion without holding an evidentiary hearing if "the petitioner fails to allege facts which, if true, would entitle him to relief, or the petition, files and record of the case conclusively show that he is entitled to no relief."  United States v. Rodriguez-Vega, 797 F.3d 781, 792 (9th Cir. 2015); see 28 U.S.C. § 2255(b); United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986) ("Where a prisoner's [§ 2255] motion presents no more than conclusory allegations, unsupported by facts and refuted by the record, an evidentiary hearing is not required.").

**II.    Analysis**

In Johnson, the Supreme Court considered the constitutionality of the residual clause of the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii).  See Johnson, 135 S. Ct. at 2555.  "Under the Armed Career Criminal Act of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony,' a term defined" by 18 U.S.C. § 924(e)(2)(B).  Id.  18 U.S.C. § 924(e)(2)(B) provides:

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that–
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another[.]

Under § 924(e)(2)(B)(ii)'s residual clause, the ACCA defined the term "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year . . . that . . . involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B); accord Johnson, 135 S. Ct. at 2555–56. The Supreme Court held the provision void for vagueness, and, therefore, also held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." Johnson, 135 S. Ct. at 2563 ("We are convinced that the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges. Increasing a defendant's sentence under the clause denies due process of law."). Subsequently, in Welch v. United States, 136 S. Ct. 1257, 1268 (2016), the Supreme Court held that "Johnson announced a substantive rule that has retroactive effect in cases on collateral review."

In the present motion, Defendant argues that under Johnson, conspiracy to commit Hobbs Act robbery under 18 U.S.C. § 1951(a) is no longer a "crime of violence" under 18 U.S.C. § 924(c). (Doc. No. 240 at 4-15.) 18 U.S.C. § 924(c)(3) defines the term "crime of violence" as:

an offense that is a felony and --

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Defendant's argument that conspiracy to commit Hobbs Act robbery no longer qualifies as a crime of violence under § 924(c)(3) is two-part. First, Defendant argues that conspiracy to commit Hobbs Act robbery cannot qualify as a crime of violence under the definition set forth in subdivision (B) because that clause is void for vagueness in light of the Supreme Court's decision in Johnson. (Doc. No. 240 at 5-6.) Second, Defendant argues that conspiracy to commit Hobbs Act robbery also does not qualify

as a crime of violence under the definition set forth in subdivision (A), which Defendant refers to as the "force clause" because, as Defendant contends, conspiracy to commit Hobbs Act robbery does not have as an element the use or threatened use of physical force.[2] (Id. at 6-9.)

Defendant has failed to show that he is entitled to post-conviction relief because under Ninth Circuit precedent, conspiracy to commit Hobbs Act robbery in violation of § 1951 qualifies as a crime of violence under § 924(c)(3)(B).  In United States v. Mendez, 992 F.2d 1488, 1491 (9th Cir. 1993), the Ninth Circuit held that "conspiracy to rob in violation of § 1951 . . . is a 'crime of violence' under subsection (B)" of § 924(c)(3).

Defendant argues that § 924(c)(3)(B) is unconstitutionally vague under the Supreme Court's decision in Johnson. (Doc. No. 240 at 4-6.)  But Johnson dealt with the constitutionality of § 924(e)(2)(B)(ii), not § 924(c)(3)(B).  See 135 S. Ct. at 2555–56.  Although the Ninth Circuit has not yet addressed this issue, several circuit courts have held that the Supreme Court's decision in Johnson does not render § 924(c)(3)(B) unconstitutionally vague.  See, e.g., United States v. Prickett, 839 F.3d 697, 699-700 (8th Cir. 2016) ("Johnson does not render § 924(c)(3)(B) unconstitutionally vague"); United States v. Hill, 832 F.3d 135, 137, 145-50 (2d Cir. 2016); United States v. Taylor, 814 F.3d 340, 375-79 (6th Cir. 2016); United States v. Davis, No. 16-10330, __ Fed. App'x __, 2017 WL 436037, at *2 (5th Cir. Jan. 31, 2017) ("We join several other circuits in concluding that Johnson does not invalidate § 924(c)(3)(B).").  The Court finds the reasoning and conclusions set forth in these circuit decisions persuasive.

Defendant argues that the Court should not follow these circuit precedents and should instead rely on the Ninth Circuit's decision in Dimaya v. Lynch, 803 F.3d 1110

---

[2] Defendant also argues that the underlying offense of Hobbs Act robbery does not qualify as a crime of violence under the force clause because it does not require the use or threatened use of violent physical force or require the intentional use or threatened use of physical force.  (Doc. No. 240 at 9-13.)

1  (9th Cir. 2015) to find that § 924(c)(3)(B) is unconstitutional vague.[3]  (Doc. No. 240 at

2  5-6; Doc. No. 259 at 2-3.)  In Dimaya, the Ninth Circuit held that, under the Supreme

3  Court's decision in Johnson, the definition of "crime of violence" set forth in 18 U.S.C.

4  § 16(b) as incorporated into 8 U.S.C. § 1101(a)(43)(F) is unconstitutionally vague.  See

5  Dimaya v. Lynch, 803 F.3d at 1120; see also United States v. Hernandez-Lara, 817 F.3d

6  651, 652-53 (9th Cir. 2016) (holding that 18 U.S.C. § 16(b) as incorporated into

7  U.S.S.G. § 2L1.2(b)(1)(C) is unconstitutionally vague).  But in Dimaya, the Ninth

8  Circuit panel expressly noted that its holding was limited to the constitutionality of 18

9  U.S.C. § 16(b) as incorporated into 8 U.S.C. § 1101(a)(43)(F).  See Dimaya, 803 F.3d

10  at 1120 n.17 ("Our decision does not reach the constitutionality of applications of 18

11  U.S.C. § 16(b) outside of 8 U.S.C. § 1101(a)(43)(F) or cast any doubt on the

12  constitutionality of 18 U.S.C. § 16(a)'s definition of a crime of violence.").  That

13  Dimaya's holding is limited to the constitutionality of 18 U.S.C. § 16(b) as incorporated

14  into 8 U.S.C. § 1101(a)(43)(F) is important.  Although 18 U.S.C. § 16(b) shares the

15  same language as § 924(c)(3)(B), the issue of whether 18 U.S.C. § 16(b) as incorporated

16  into 8 U.S.C. § 1101(a)(43)(F) is unconstitutional after Johnson is not the same issue

17  as whether 18 U.S.C. § 924(c)(3)(B) is unconstitutional after Johnson.  For example,

18  although the Sixth Circuit has agreed with the Ninth Circuit's holding in Dimaya and

19  has also held that 18 U.S.C. § 16(b) as incorporated into 8 U.S.C. § 1101(a)(43)(F) is

20  unconstitutionally vague after Johnson, see, e.g., Shuti v. Lynch, 828 F.3d 440, 441,

21  450-51 (6th Cir. 2016), the Sixth Circuit has also held that Johnson does not render

22  U.S.C. § 924(c)(3)(B) unconstitutionally vague.  See, e.g., Taylor, 814 F.3d at 375-79.

23  Thus, Dimaya does not control the present issue in this case – the constitutionality of

24

25

26

27  _____

28      [3] The Court notes that the Supreme Court granted a petition for writ of certiorari in
    Dimaya.  See Lynch v. Dimaya, No. 15-1498, 2016 WL 3232911 (U.S. Sept. 29, 2016).

§ 924(c)(3)(B).[4]  See Lott, 2017 WL 553467, at *4 ("Dimaya does not control the issue of the constitutionality of § 924(c)(3)(B).").

In sum, because conspiracy to commit Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(B), Defendant has failed to show that his sentence was imposed in violation of the Constitution or the laws of the United States.  Accordingly, the Court denies Defendant's § 2255 motion.[5]

## III.  Certificate of Appealability

An appeal cannot be taken from the district court's denial of a § 2255 motion unless a certificate of appealability is issued.  See 28 U.S.C. § 2253(c)(1); Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012).  A certificate of appealability may issue only if the defendant "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  When a district court has denied the claims in a § 2255 motion on the merits, a defendant satisfies the above requirement by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Although the Court denies Defendant's § 2255 motion on the merits, the Court concludes that reasonable jurists could find the Court's assessment of Defendant's claims debatable.    Accordingly,  the  Court  grants  Defendant  a  certificate  of

---

[4] The Court acknowledges that several district courts within the Ninth Circuit have relied on Dimaya to hold that § 924(c)(3)(B) is unconstitutionally vague after Johnson.  See, e.g., United States v. Shumilo, No. CR 09-939-GW-51, 2016 WL 6302524, at *3-5 (C.D. Cal. Oct. 24, 2016); United States v. Bell, 158 F. Supp. 3d 906, 921-24 (N.D. Cal. 2016); United States v. Lattanaphom, 159 F. Supp. 3d 1157, 1162-64 (E.D. Cal. 2016).  The Court does not find these district court decisions persuasive as they failed to adequately address or even address at all the footnote in Dimaya expressly stating that its holding is limited to the constitutionality of 18 U.S.C. § 16(b) as incorporated into 8 U.S.C. § 1101(a)(43)(F).  Further, the Court notes that other district courts within the Ninth Circuit and within this district have also held that Johnson does not render § 924(c)(3)(B) unconstitutionally vague.  See, e.g., United States v. Lott, No. 16CV1575 WQH, 2017 WL 553467, at *3-4 (S.D. Cal. Feb. 9, 2017); United States v. Averhart, No. 11-CR-1861-DMS, Docket No. 59 (S.D. Cal. Nov. 21, 2016).

[5] Because the Court denies Defendant's § 2255 motion on the merits, the Court declines to address the Government's additional argument that the motion should be denied because Defendant procedurally defaulted his claim.  (Doc. No. 257 at 12-15.)

1  appealability.

2  <u>**Conclusion**</u>

3      For the reasons above, the Court denies Defendant's motion under 28 U.S.C. §

4  2255 to vacate, set aside, or correct his sentence.   In addition, the Court grants

5  Defendant a certificate of appealability.

6      **IT IS SO ORDERED**.

7  DATED: March 22, 2017

8  _____

9  MARILYN L. HUFF, District Judge
   UNITED STATES DISTRICT COURT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28