UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIAN MONDRAGON-HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No.: 10-cr-03173-H-1<br>             16-cv-01537-H<br><br>**ORDER:**<br><br>**(1) DENYING PETITIONER'S RULE 60(b) MOTION; AND**<br><br>[Doc. No. 279 in 10-cr-3173.]<br><br>**(2) DENYING CERTIFICATE OF APPEALABILITY** |

On May 18, 2021, Petitioner/Defendant Julian Mondragon-Hernandez, proceeding pro se, filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). (Doc. No. 279.)[1] On November 18, 2021, the Government filed a response in opposition to Defendant's Rule 60(b) motion. (Doc. No. 283.) On January 14, 2022, Defendant filed a reply in support of his motion. (Doc. No. 284.) For the reasons below, the Court denies Defendant's Rule 60(b) motion.

---

[1] The docket citations in this order are to the docket in 10-cr-3173 unless otherwise noted.

1

10-cr-03173-H-1

**Background**

On August 5, 2010, the Government filed an indictment charging Defendant, among others, with a single count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Doc. No. 1.)  On April 13, 2011, the Government filed a six-count superseding indictment charging Defendant in count 1 with conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and criminal forfeiture, in violation of 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c); in count 2 with conspiracy to affect commerce by robbery and extortion, in violation of 18 U.S.C. § 1951(a); in count 3 with possession of a firearm in furtherance of a crime of violence and a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(i) and aiding and abetting in violation of 18 U.S.C. § 2; and in count 4 with illegal alien in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(5)(A) and 924(a)(2). (Doc. No. 51.)

Defendant proceeded to a jury trial.  On November 17, 2011, the jury returned a verdict finding Defendant guilty of all four counts charged against him in the superseding indictment. (Doc. Nos. 97, 103.)

Prior to sentencing, U.S. Probation prepared a Presentence Report. (Doc. No. 116.) The PSR calculated Defendant's total combined offense level as 36 with a criminal history category of II for counts 1, 2, and 4, resulting in an advisory guidelines range of 210-262 months for those counts. (Id. at 11-12, 14.)  The PSR also reported that Defendant's conviction for violation of § 924(c) subjected him to a mandatory 60-month sentence to be served consecutive to the other counts. (Id. at 12, 14.)  On May 28, 2012, the Government filed a sentencing summary chart recommending a sentence of 210 months in custody for counts 1, 2 and 4 and the mandatory 60 months in custody for count 3, resulting in a total custodial sentence of 270 months. (Doc. No. 156.)  On June 10, 2012, Defendant filed a sentencing summary chart recommending a sentence of 120 months. (Doc. No. 161.)

The Court held a sentencing hearing on June 14, 2012. (Doc. Nos. 163, 185.)  At sentencing, the Court calculated Defendant's total combined adjusted offense level for

counts 1, 2, and 4 as level 34 and his criminal history category as II, resulting in an advisory guidelines range of 168-210 months. (Doc. No. 185 at 24.) After considering the § 3553(a) factors, the Court sentenced Defendant to 168 months in custody for counts 1 and 2 and 120 months in custody for count 4 with counts 1, 2 and 4 to run concurrently and to the mandatory 60 months in custody for count 3 to run consecutive to the other counts, resulting in a total custodial sentence of 228 months. (Id. at 25, 31.) The Court entered judgment on June 18, 2012. (Doc. No. 168.)

On June 20, 2012, Defendant appealed his conviction and sentence. (Doc. No. 169.) On November 27, 2013, the Ninth Circuit affirmed Defendant's conviction and sentence. (Doc. No. 208.)

On January 20, 2015, Defendant filed a motion pursuant to 28 U.S.C. § 2255 to vacate his federal prison sentence, alleging claims of ineffective assistance of counsel. (Doc. No. 218.) On April 22, 2015, the Court denied Defendant's § 2255 motion and denied Defendant a certificate of appealability. (Doc. No. 230.) Defendant sought a certificate of appealability from the Ninth Circuit, (Doc. No. 231), and on February 26, 2016, the Ninth Circuit denied Defendant's request for a certificate of appealability. (Doc. No. 233.)

On October 7, 2016, Defendant, represented by Federal Defenders, filed a second motion pursuant to 28 U.S.C. § 2255 to vacate his federal prison sentence. (Doc. No. 240.) In the motion, Defendant argued that his 60-month sentence for possession of a firearm in furtherance of a crime of violence in violation of 18 U.S.C. § 924(c)(1) should be vacated because under the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), conspiracy to commit Hobbs Act robbery under 18 U.S.C. § 1951(a) no longer qualifies as a "crime of violence" under § 924(c)(3). (Id. at 1-2, 4-15.)

On March 22, 2017, the Court denied Defendant's second § 2255 motion. (Doc. No. 264.) Defendant appealed. On September 2, 2020, the Ninth Circuit affirmed the Court's denial of Defendant's second § 2255 motion. (Doc. No. 277.) In the decision, the Ninth Circuit acknowledged that the § 924(c) jury instruction at issue "was erroneous because

conspiracy to commit Hobbs Act robbery no longer qualifies as a crime of violence" in light of the Supreme Court's decision in United States v. Davis, 139 S. Ct. 2319 (2019), and thus is not a predicate offense for a § 924(c) conviction. (Doc. No. 277 at 2.) Nevertheless, the Ninth Circuit held that the error was harmless because Defendant's § 924(c) conviction was "independently supported by the drug trafficking conspiracy offense, and Defendant[] committed two different predicate offenses while possessing a firearm–a Hobbs Act conspiracy that was inextricably intertwined with a conspiracy to possess cocaine with intent to distribute." (Id. at 3-4.) By the present motion, Defendant moves pursuant to Federal Rule of Civil Procedure 60(b) for an order relieving him from the Court's March 22, 2017 order denying his second § 2255 motion. (Doc. No. 279.)

## Discussion

Defendant, proceeding pro se, moves pursuant to Federal Rule of Civil Procedure 60(b) for an order relieving him from the Court's final order denying his second § 2255 motion. (Doc. No. 279.) Defendant argues that relief is warranted because, in light of the rule of lenity, it is not equitable that his judgment should have a prospective application due to the ambiguity of his § 924(c) predicate in the jury instructions and verdict form. (Id. at 5; Doc. No. 284 at 4.) In response, the Government argues that the Court should deny Defendant's Rule 60(b) motion because it is an improper second or successive habeas corpus petition for which he has not sought nor received approval from the Ninth Circuit to file. (Doc. No. 283 at 4-7.)

**I.    Legal Standards**

"A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). Section 2255(h) "provides that such a motion cannot be considered unless it has first been certified by the court of appeals to contain either '(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of

the offense,' or '(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" Id. (quoting 28 U.S.C. § 2255(h)).

"Because of the difficulty of meeting this standard, petitioners often attempt to characterize their motions in a way that will avoid the strictures of § 2255(h)." Id. For example, a petitioner may characterize a filing "as being a motion under Rule 60(b) of the Federal Rules of Civil Procedure, which 'allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.'"[2] Id. (quoting Gonzalez v. Crosby, 545 U.S. 524, 528 (2005)). In federal habeas proceedings, "[a] Rule 60(b) motion is proper when it 'attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings.'" Wood v. Ryan, 759 F.3d 1117, 1120 (9th Cir. 2014); see Gonzalez, 545 U.S. at 532. On the other hand, a Rule 60(b) motion constitutes a second or successive habeas petition if it "seeks to add a new ground for relief" or "if it attacks the federal court's previous resolution of a claim on the merits." Gonzalez, 545 U.S. at 532.

///

///

---

[2] Rule 60(b) provides that a court may relieve a party from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

## II. Analysis

Here, Defendant's Rule 60(b) motion constitutes an unauthorized successive habeas petition. In his Rule 60(b) motion, Defendant challenges the Ninth Circuit's harmlessness analysis in affirming this Court's denial of Defendant's second § 2255 motion. (See Doc. No. 279 at 5-8; Doc. No. 284 at 4-7.) For example, Defendant argues that the court erred by characterizing § 924(c) as a general instrument incorporating either a crime of violence or a drug trafficking crime without consulting which of the two was determined by the jury to be the predicate for his § 924(c) conviction. (Doc. No. 279 at 8; see Doc. No. 284 at 6-7.) This argument directly attacks the Ninth Circuit's conclusion that the § 924(c) jury instruction error was harmless because Defendant's § 924(c) conviction was "independently supported by his drug trafficking conspiracy offense." (Doc. No. 277 at 4.)

Because Defendant's Rule 60(b) motion attacks the substance of the Ninth Circuit's prior resolution of his habeas claim on the merits, the Rule 60(b) motion constitutes an unauthorized successive habeas petition. See Wood, 759 F.3d at 1120; Gonzalez, 545 U.S. at 532 ("A motion can also be said to bring a 'claim' if it attacks the federal court's previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." (footnote omitted)). Further, because Defendant's motion is a successive habeas petition, in the absence of proper authorization from the Ninth Circuit, the Court is without jurisdiction to consider the motion.[3] See 28 U.S.C. § 2255(h); Wood, 759 F.3d at 1120; Cooper v. Calderon, 274

---

[3]   Moreover, even if the Court were able to consider the merits of Defendant's Rule 60(b), the motion fails on the merits. As the Ninth Circuit explained, any error in the § 924(c) jury instruction was harmless because Defendant's § 924(c) conviction is "independently supported by the drug trafficking conspiracy offense, and Defendant[] committed two different predicate offenses while possessing a firearm–a Hobbs Act conspiracy that was inextricably intertwined with a conspiracy to possess cocaine with intent to distribute." (Doc. No. 277 at 3-4.) Thus, there is no error in the Ninth Circuit's prior resolution of Defendant's habeas claim, and Defendant has failed to demonstrate that he is entitled to relief under Rule 60(b).

F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.").

### III. Certificate of Appealability

Because Defendant's Rule 60(b) motion is a second or successive habeas petition, the Court must consider whether to issue or deny Defendant a certificate of appealability. See 28 U.S.C. § 2253(c)(1); United States v. Hall, No. SACR 16-00132-CJC, 2020 WL 7265408, at *2 (C.D. Cal. Oct. 28, 2020). A certificate of appealability may issue only if the defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court has denied the claims in a § 2255 motion on the merits, a defendant satisfies the above requirement by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). When a district court denies a § 2255 motion on procedural grounds without reaching the underlying constitutional claims, a defendant satisfies the requirement by demonstrating "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

The Court concludes that reasonable jurists would not find it debatable that Defendant's Rule 60(b) motion attacks the substance of the Ninth Circuit's resolution of his habeas claim on the merits, and thus the motion constitutes an unauthorized successive habeas petition. Accordingly, the Court declines to issue a certificate of appealability.

///
///
///

**Conclusion**

For the reasons above, the Court denies Defendant's Rule 60(b) motion. The motion is an unauthorized successive habeas petition, and the Court is without jurisdiction to consider it. In addition, the Court denies Defendant a certificate of appealability with respect to the denial of his Rule 60(b) motion.

**IT IS SO ORDERED.**

DATED: February 14, 2022

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT